Case 2:16-cr-00126   Document 46   Filed in TXSD on 02/10/17   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
February 10, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL NO. 2:16-CR-126 |
| | § | |
| RICKY CAMPA | § | |

## ORDER

BE IT REMEMBERED that on February 10, 2017, the Court **GRANTS IN PART** the United States' Motion for Judgment of Default of the Security for the Appearance Bond of Defendant Ricky Campa ("Campa"), Dkt. No. 39

The United States' motion asks the Court to find the $1,000 security for the appearance bond of Campa in default, and to deposit these funds with the United States Treasury. *See* Dkt. No. 39. The United States filed its motion on November 9, 2016. The United States argues that forfeiture is appropriate because Campa was judged to have violated the conditions of his pre-trial release. Dkt. No. 39, 1-2, Ex. B. On November 21, 2016 this Court ordered Campa and the owner of the security in issue, Noralyn Ortiz, to show cause why it should not be forfeited. Dkt. No. 40. Campa timely responded to this Order on December 1, 2016. Dkt. No. 42. Campa asks the Court to deny forfeiture of the security on the basis that his bond conditions were satisfied "upon his remand for service of sentence." Dkt. No. 42 at 1-2. In the alternative, Campa asks the Court to set aside the forfeiture, and remit the judgment for the $1,000 security in whole or in part. *Id.* The United States has not filed any reply to Campa's response.

Under Federal Rule of Criminal Procedure 46(f), a court must declare bail forfeited if a condition of bond is breached. Fed. R. Crim. P. 46(f). "However, the court may remit the judgment 'in whole or in part' if it appears that justice does not require the enforcement of all or part of the forfeiture." *United States v. Cervantes*, 672 F.2d 460, 461 (5th Cir.) A district court has broad discretion "in deciding

whether to set aside or remit any part of the forfeiture." *Id.* The burden is on the party challenging forfeiture to establish "grounds for a set aside or remission." *Id.*

Here, the Court is bound to find that Campa must forfeit the $1,000 for his security bond owned by Noralyn Ortiz, as Magistrate Judge Jason B. Libby found in a May 5, 2016 show cause hearing that Campa violated an express condition of his pre-trial release when he was arrested for public intoxication and possession of marijuana.[1] Dkt. No. 39 at 2. Yet on review of the United States' motion and Campa's response, the Court finds that justice requires setting aside the full $1,000 security for the appearance bond in this case. "[T]he purpose of bail is not to enrich the government or punish the defendant but only to insure his presence at trial." *United States v. Gonzalez*, 912 F.Supp. 242, 244 (S.D.Tex. 1995) (citing to *United States v. Parr,* 594 F.2d 440 (5th Cir.1979)). Here, as Campa points out, the reason for the revocation of Campa's pre-trial release "was not a failure to appear," and Campa "timely appeared for all court appearances and caused no delay." Dkt. No. 42 at 3. It is unclear to the Court what cost or injury the United States suffered, if any, from Campa's violation of the conditions of his pre-trial release, especially as Campa was on supervised release for only one month before he committed this violation. The Court further finds that setting aside the default for the $1,000 security for Campa's appearance bond does little to undermine the policies behind the Bail Reform Act, as the condition of pre-trial release Campa violated was not a core provision of his bond, and had nothing to do with violent crime or avoiding his responsibility to appear in court. *See United States v. Famiglietti*, 548 F.Supp.2d 398, 406 (S.D.Tex. 2008).

Accordingly, the Court:

- **GRANTS IN PART** the United States' Motion for Judgment of Default of the Security for the Appearance Bond, Dkt. No. 39;

---

[1] The conditions of Campa's pre-trial release did not prevent him from using alcohol, even excessively. Dkt. No. 2, Ex. B. Yet they did bar Campa from violating "federal, state, or local law while on release," and mandated that he must not "use or unlawfully possess a narcotic drug or other controlled substances." *Id.*

- Declares Campa's $1,000 security for the appearance bond **FORFEITED** pursuant to Federal Rule of Criminal Procedure 46(f)(1);
- **SETS ASIDE** in full the forfeiture pursuant to Federal Rule of Criminal Procedure 46(f)(2)(B); and
- **DIRECTS** the Clerk to return the $1,000.00 cash security for the appearance bond deposited by Noralyn Ortiz to her at her last known address, by certified mail.

IT IS SO ORDERED.

SIGNED this 10th day of February, 2017.

_____
Hilda Tagle
Senior United States District Judge